987 So.2d 828 (2008)
In the Interest of C.J., a child.
J.C.-J., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D07-5990.
District Court of Appeal of Florida, Second District.
August 15, 2008.
Norman A. Palumbo, Jr., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kelly R. Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Jennifer S. Paullin of Guardian ad Litem Program, Orlando, for Appellee Guardian ad Litem Program.
SILBERMAN, Judge.
J.C.-J., the Mother, appeals an order terminating her parental rights with respect to her daughter, C.J., on the grounds of abandonment. The Department and the Guardian ad Litem (GAL) concede that the evidence did not support that termination was in C.J.'s manifest best interest. In addition, the GAL concedes that the evidence did not support that the Mother abandoned C.J.
Our review of the record reflects that the Department and the GAL properly *829 concede that the evidence was insufficient to support the termination of the Mother's parental rights, and we reverse and remand for further proceedings. See M.D. v. Dep't of Children & Family Servs. (In re D.D.), 879 So.2d 10, 11 (Fla. 2d DCA 2004) (noting that before parental rights are terminated, the Department must prove by clear and convincing evidence one of the statutory grounds for termination, that termination is in the manifest best interests of the child, and that termination is the least restrictive means of protecting the child from serious harm). In so doing, we note our concern regarding the possible violation of the Mother's due process rights in the trial court.
The Department filed various documents, including an emergency petition to reactivate protective services in December 2005 and a petition for involuntary termination of parental rights in June 2007. Although the trial court appointed counsel for the Mother in August 2007, prior to that time it appears that the Mother was not properly advised of her right to counsel at all appropriate stages. See § 39.013(1), Fla. Stat. (2005) (requiring the trial court to inform parents of their right to counsel in dependency proceedings at each stage of the proceedings and to appoint counsel for parents who are unable to afford counsel); § 39.402(5)(b)(2) (requiring that parents or legal custodians be given written notice of their right to be represented by counsel at the shelter hearing and at subsequent hearings or proceedings and that if they are indigent they have the right to appointed counsel); § 39.807(1)(a) (requiring the trial court to advise parents of their right to counsel at each stage of termination proceedings and to appoint counsel for indigent parents). It also appears that significant orders and pleadings may not have been copied to the Mother. See J.B. v. Dep't of Children & Family Servs., 768 So.2d 1060, 1064 (Fla. 2000) (noting that parties are entitled to notice of government action and an opportunity to respond before termination of an interest). Further, the Mother was not given the opportunity to work on a case plan and was not provided with any meaningful assistance in completing a case plan upon reactivation of the proceeding. The record does not reflect that permitting the Mother to attempt to complete a case plan would have been a useless effort. See Padgett v. Dep't of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991) (noting that prior to terminating parental rights the Department "ordinarily must show that it has made a good faith effort to rehabilitate the parent and reunite the family, such as through a current performance agreement or other such plan for the present child").
Accordingly, we reverse the order terminating the Mother's parental rights and remand for further proceedings. We caution the trial court to ensure that the Mother's due process rights are observed during the proceedings.
Reversed and remanded.
STRINGER and KELLY, JJ., Concur.